1  **NORMAN J. WATKINS, ESQ. STATE BAR #87327**
**WILLIAM F. BERNARD, ESQ. STATE BAR #134598**
2  **LYNBERG & WATKINS**
   A Professional Corporation
3  2020 East First Street, Suite 101
   Santa Ana, California  92705-4015
4  (714) 973-1220

5  **LAWRENCE WATSON, COUNTY COUNSEL and**
   **WANDA FLORENCE, DEPUTY,**
6  10 Civic Center Plaza
   P.O. Box 1379
7  Santa Ana, California  92702
   (714) 834-5133
8



9  Attorneys for Defendants, COUNTY OF ORANGE, erroneously sued in part as COUNTY OF ORANGE, HEALTH CARE SERVICES
10

11               UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
13
14  KAREN ANN F. KELLY,              ) No. CV - 95-8045-TJH (AJWx)
                                     )
15           Plaintiff,              )
                                     ) STIPULATED PROTECTIVE ORDER
16     v.                            )
                                     )
17  COUNTY OF ORANGE, HEALTH CARE    )
    SERVICES                         )
18                                   )
             Defendant.              )
19  _____  )

20                    **RECITALS**

21  1.   Plaintiff propounded Request for Production of Documents,
22  Set One, Request Number 14 (hereinafter, the "DOCUMENTS").
23  2.   The parties have agreed that the above-referenced DOCUMENTS
24  not be used for any reason outside the present litigation.
25  3.   In light of these concerns, the parties and their counsel
26  have mutually agreed to the entry of a Stipulation for Protective
27  Order designed to address the parties' concerns and to preserve
28



Protective Order                          1

the confidentiality of the information and/or documents produced accordingly. The terms of the Stipulated Protective Order are as follows:

SCOPE

4. The parties are entitled to utilize the documents produced by Defendants pursuant to the Court's order of February 24, 2000 for purposes of this litigation only, including review by consultants and/or experts retained by the parties exclusively for use in this litigation, but shall preclude the use of such information by the parties, the parties' counsel, or the parties' consultants or experts for any reason outside of this litigation.

**DESIGNATION OF DOCUMENTS**

5. The above-referenced DOCUMENTS produced by Defendant (i.e. Kilby Williams' personnel documents submitted to the Court for an in-camera review) in connection with this litigation shall be subsumed within the scope of this Protective Order, and shall be stamped with the word "Confidential." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

6. Any person who receives actual or constructive notice of any designation of confidential information shall thereafter treat this information as confidential.

**DEPOSITION TESTIMONY**

7. At any deposition taken in this case, an upon any inquiry with regard to the content of the above-referenced DOCUMENTS marked as "confidential," or when counsel for a party or witness

deems that the answer to a question will result in the disclosure of confidential information within the meaning of the Order, counsel, at the counsel's option, may direct that the question and answer be transcribed separately from the remainder of the deposition and be filed in a sealed envelope marked so as to indicate that the contents are "confidential" and subject to this Order.

8. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part form material designated as "confidential" shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purposes.

**LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION**

9. To the extent not covered above, no confidential information shall be disclosed by anyone receiving such information to anyone other than those persons designated herein. Confidential information shall not be communicated, either directly or indirectly, by anyone receiving such information to any person or entity involved in any way and in any capacity in litigation other than the instant litigation.

10. Confidential information shall not be disclosed by any person to any other person except to:
   (a) Plaintiff's counsel, Nigro & Nigro, or any persons working with or for Nigro & Nigro in connection with this litigation;
   (b) Defense counsel, Lynberg & Watkins, or any persons

          working with or for Lynberg & Watkins in connection with this litigation;

    (c)  Experts and/or consultants retained by the parties in connection with this litigation;

    (d)  Any other persons only upon the parties' written consent.

11. Before any person described above receives or is shown any document or information designated as confidential, such persons shall be given a copy of this Protective Order, and shall agree to be bound by the terms of this Stipulated Protective Order.

12. In any event that any confidential information is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

13. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application or modification of this Order.

### SURVIVAL OF ORDER-RETURN OF DOCUMENTS

14. The provisions of this Stipulated Protective Order shall continue in effect until otherwise ordered by the Court after

notice and an opportunity to be heard is afforded to the parties. The final determination or settlement of this litigation shall not relieve any person who has received confidential information or agreed to be bound by the terms of this Stipulated Protective Order of his, her or its obligations hereunder. This Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order.

15. Upon completion of the Trial, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

## AGREEMENT TO COOPERATE

16. The parties to this Stipulated Protective Order and their respective attorneys of record agree to work together to assure that the stated purposes of the Stipulated Protective Order are carried out.

## NO ADMISSIONS

17. Neither entering into this Stipulated Protective Order, nor receiving any documents or other information designated as "confidential" shall be construed as an agreement or admission that (a) any allegation made or position taking relative to any matter designated as confidential is correct or true; or (b) any information or document designated as "confidential": is authentic, competent, relevant, material or admissible.

18. This Stipulated Protective order shall not otherwise alter the discovery rights and obligations of the parties, and the parties may, at their discretion, seek such further and/or

1  additional Protective Order(s) as may be appropriate in the
2  manner provided for therein.
3  Dated:  March 22, 2000

**LYNBERG & WATKINS**
A Professional Corporation

By: _____
**NORMAN J. WATKINS**
**WILLIAM F. BERNARD**
and
**LAWRENCE WATSON, COUNTY COUNSEL and**
**WANDA FLORENCE, DEPUTY,**
Attorneys for Defendants, COUNTY OF ORANGE, erroneously sued in part as COUNTY OF ORANGE, HEALTH CARE SERVICES

11 Dated:

**NIGRO & NIGRO**

_____
**ELIZABETH NIGRO**
**THOMAS NIGRO**
Attorneys for Plaintiff
Karen A. Kelly

Good cause appearing,
**IT IS SO ORDERED**

3.27.00

_____
HONORABLE ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

Protective Order                              6

Re: <u>Karen Ann F. Kelly v. County of Orange, et al.</u>

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action; my business is 2020 East First Street, Suite 101, Santa Ana, California 92705-4015, (714) 973-1220.

On March 23, 2000, I served the foregoing document described as **STIPULATED PROTECTIVE ORDER** on the interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**(SEE ATTACHED SERVICE LIST).**

__X__   **BY MAIL**   I deposited such envelope in the mail at Santa Ana, California.

__X__   **BY PERSONAL SERVICE**   I caused such envelope to be delivered by hand (via Al McKenzie of our Lynberg & Watkins) to the office of Plaintiff's counsel.

_____   **BY FACSIMILE TRANSMISSION:** The facsimile machine I used complied with California Rules of Court 2003(3) and no error was reported by the machine. Pursuant to rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this proof of service.

_____   **(State)**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 23, 2000, at Santa Ana, California.

*/s/ Patti Martinez*
PATTI MARTINEZ

## SERVICE LIST

| | |
|---|---|
| NIGRO & NIGRO<br>Attorneys at Law<br>Elizabeth Nigro, Esq.<br>1851 East First Street, Suite 1170<br>Santa Ana, California 92705<br>(714) 972-3990<br>facsimile (714) 972-8902 | Attorney for Plaintiff |
| LAURENCE WATSON, COUNTY COUNSEL<br>WANDA FLORENCE, DEPUTY COUNTY COUNSEL<br>COUNTY COUNSEL'S OFFICE<br>10 Civic Center Plaza<br>P.O. Box 1379<br>Santa Ana, California  92702<br>(714) 834-5133 | Co-Counsel for Defendants,<br>COUNTY OF ORANGE,<br>erroneously sued in part as<br>COUNTY OF ORANGE, HEALTH<br>CARE SERVICES |